**UNITED STATES of America,
Appellee,**

v.

**Thomas RYBICKI, Defendant–
Appellant.**

**No. 05–5097–cr.**

United States Court of Appeals,
Second Circuit.

May 15, 2006.

Herald Price Fahringer (Erica T. Dubno, on the brief), Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP, New York, NY, for Appellant.

Barbara D. Underwood, Counsel to the United States Attorney (Roslynn R. Mauskopf, United States Attorney, David C. James, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 15th day of May, two thousand and six.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Defendant-appellant Thomas Rybicki appeals from an amended judgment of the District Court, entered October 3, 2005, adhering to the sentence originally imposed on him, after this Court remanded for further proceedings pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).[1] By a judgment entered January 5, 2000, Rybicki was convicted after a trial by jury of mail fraud, wire fraud, and conspiracy in violation of 18 U.S.C. §§ 1341, 1343, 1346, and 371, and he was sentenced principally to a term of imprisonment of twelve months and one day, a fine of $20,000, and three years' supervised release. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Rybicki challenges the District Court's decision to adhere to the sentence originally imposed before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), arguing that (1) the District Court erred in determining that its sentence would not have been "nontrivially different" under the post-*Booker* regime, *see Crosby*, 397 F.3d at 118 n. 20, because the Court failed to afford Rybicki a "full and meaningful opportunity" to present arguments regarding the sentencing factors listed in 18 U.S.C. § 3553(a); (2) the District Court erred by barring the presentation of "drastically changed circumstances" that occurred after the District Court's original sentencing, and by failing to order an updated presentence investigation, thereby violating Rybicki's right to due process; and (3) Rybicki was entitled to resentencing, and was denied his right to due process and equal protection, because he was sentenced to incarceration after proceeding to trial, unlike those defendants who had pleaded guilty and received non-custodial sentences.

Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that Rybicki's claims are without merit. First, Rybicki's contention that he was precluded from presenting all relevant arguments regarding the sentencing factors listed is § 3553(a) is directly and unambiguously contradicted by the record, as well as by the District Court's thorough and careful analysis throughout the remand proceedings.[2] Second, the District Court did not err, much less violate Rybicki's due process rights, by declining to consider events

---

1. *Defendant Fredric Grae withdrew his appeal in a consolidated case, No. 05–5148–cr, by a stipulation dated May 8, 2006.*

2. Indeed, in addition to permitting Rybicki to supplement the record with regard to his fam-

ily circumstances at the time of the original sentencing, the District Court expressly invited both Rybicki and Grae's counsel to proffer their related sentencing arguments within the context of a *Crosby* remand, and they did so.

that occurred after the original sentencing as part of its threshold inquiry on the *Crosby* remand, inasmuch as our Court has held repeatedly that the determination *whether* to resentence must be based "solely on the circumstances that existed at the time of the original sentence."[3] *See Crosby*, 397 F.3d at 118 n. 19; *see also United States v. Williams*, 399 F.3d 450, 459 n. 8 (2d Cir.2005) (same); *United States v. Garcia*, 413 F.3d 201, 229 (2d Cir.2005) (same). Finally, in sentencing Rybicki to a term of incarceration, the District Court did not penalize Rybicki for proceeding to trial or create an "unwarranted" sentencing disparity within the meaning of § 3553(a)(6), inasmuch as Rybicki was not "similarly situated" to those defendants who received non-custodial sentences after pleading guilty. *See United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir.2006) (holding that co-defendants were not "similarly situated" under § 3553(a)(6) where one defendant had pleaded guilty and therefore "qualified under the Guidelines for a three-level reduction for acceptance of responsibility ... and a two-level 'safety-valve' reduction"); *United States v. Parker*, 903 F.2d 91, 105 (2d Cir.1990) (rejecting the defendant's "contention that the availability of a sentence reduction to one who clearly admits personal responsibility for the offense is the equivalent of an increase in sentence for one who does not").

Accordingly, because the District Court did not err in conducting the *Crosby* remand proceedings in this case, we affirm the judgment of the District Court.

\*     \*     \*     \*     \*     \*

We have considered all of Rybicki's arguments on appeal and find each of them to be without merit. Accordingly, the

---

See, e.g., Sentencing Tr., Sept. 14, 2005, at 8 ("[T]ell me what you would have shown, what you would have emphasized at the time based on the record that you had then, and then if you want to proffer what you would otherwise say, you can proffer it."); *id.* at 31 (argument of Rybicki's counsel that the District Court could have "exercise[d][its] discretion and ... give[n] a split sentence [or] home confinement"); *id.* at 56–61 (observation of Grae's counsel that "at this point 3553(a) acquires renewed significance," followed by detailed discussion of circumstances relevant to §§ 3553(a)(1), (2)(B), (3), (6), and (7) in terms generally applicable to both defendants); *id.* at 64 (observation of Grae's counsel that *"essentially I think I have said everything that needs to be said in this go around....* [F]or all the reasons that I have just stated and for the reasons that Your Honor articulated on the record *in terms of looking at the 3553(a) factors more sharply*, where there is an enhanced weight to be given to those factors than under the mandatory regime back in 2000 ... there should be a resentencing in this case.") (emphases added); *see also* Sentencing Tr., Sept. 21, 2005, at 12 ("The Court fully considered the 3553(a) factors in imposing sentence originally and I've looked at them now in a different light. *Most all of*

those, if not all of the factors[,] were addressed by able counsel at the time.") (emphasis added); *id.* at 28 ("Basically, everything that I've said ... was an explanation of how I arrived at the determination that the sentence would [not] have been nontrivially different.... *It wasn't a resentencing."*) (emphasis added).

3. We reject Rybicki's constitutional challenge to the remand procedure prescribed by *Crosby* and reaffirm that "the remand contemplated by *Crosby* represents a sound application of the plain error doctrine to the context of sentencing." *See United States v. Williams*, 399 F.3d 450, 461 (2d Cir.2005); *see also id.* at 460–61 (rejecting arguments that a *Crosby* remand "delegat[es] to the district court the task of making the plain error determination," that *Crosby* "essentially requires resentencing," or that *Crosby* "will lead to too many remands" and thereby impose "an undue burden on the proper functioning of the criminal justice system in the federal courts of this Circuit"). In any event, "we are bound by our own precedent unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc."* *Nicholas v. Goord*, 430 F.3d 652, 659 (2d Cir.2005) (internal quotation marks omitted).

judgment of the District Court is hereby **AFFIRMED**.